IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DOMINIC DEAN POLK, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:06-CV-0776-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Dominic Dean Polk is in the custody of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), TDCJ-ID #1283074, and is presently incarcerated in the Allred Unit in Iowa Park, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

## C. PROCEDURAL HISTORY

Polk was the subject of five indictments in the 362nd Judicial District Court of Denton County, Texas (Cause Nos. F-2004-0061-D, F-2004-0062-D, F-2004-0184-D, F-2004-0185-D, F-2004-0186-D). Each indictment charged him with the offense of burglary of a habitation. Four of the indictments included enhancement paragraphs, but the indictment in Cause No. F-2004-0061-D did not. A consolidated jury trial commenced in June 2004. The jury found Polk guilty of all five offenses and assessed a punishment of twenty years' confinement in Cause No. F-2004-0061, seventy-five years' confinement for each of the remaining burglary offenses, and a fine in all five cases. *Polk v. State*, 170 S.W.3d 661, 663 (Tex. App.—Fort Worth 2005, pet. ref'd).

The Second Court of Appeals affirmed all five judgments in a published opinion, *see id.*, and the Texas Court of Criminal Appeals refused Polk's petitions for discretionary review. *Polk v. State*, Nos. 1026-05, 1028-05, 1029-05, 1030-05, and 1031-05 (Tex. Crim. App. Feb. 8, 2006). Polk has not filed any state applications for collateral relief. He filed his federal petition for writ of habeas corpus on October 26, 2006.[1]

## D. ISSUES

Polk alleges that he was denied due process and a fair trial because

1. the state used improper impeachment evidence;
2. the trial court excluded Polk's requested jury instruction;
3. the trial court failed to suppress Polk's typed statements; and
4. the prosecutor engaged in misconduct.

---

[1] A federal petition is deemed filed on the date the petitioner executed his petition and presumably deposited it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998). The federal courts in the Northern District of Texas have jurisdiction because Petitioner is confined at a correctional facility located within this district. *See* 28 U.S.C. § 2241(d).

E. RULE 5 STATEMENT

Respondent agrees that Petitioner has sufficiently exhausted available state remedies on the issues presented.

F. LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. *Montoya*, 226 F.3d at 404. In addition, state court determinations of underlying factual issues are presumed correct, and the

petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## G. DISCUSSION

### 1. Impeachment Evidence

Polk testified at trial and denied committing any burglaries or having a current substance abuse problem. He also denied that he had pointed out homes he had burglarized when two police officers drove him around the neighborhood. In rebuttal, the prosecutor was allowed to elicit testimony from a police detective and Polk's parole officer regarding unrecorded statements that Polk had made to each of them. The prosecution introduced testimony from the detective, Kevin Smith, that he had accompanied Polk on a car trip, during which Polk gave him directions to houses that he had burglarized and described how he entered the houses and the items he took. (4 Rep. R. 234-50). Polk's parole officer, Cynthia Herndon, was also called as a rebuttal witness to testify that Polk had admitted to her that he committed the burglaries and asked her for help because he had a drug problem. (4 Rep. R. 253-59).

Polk contends that none of the rebuttal testimony was proper impeachment evidence. In the alternative, he contends that the trial court should have given the jury an appropriate limiting instruction. On direct appeal, the state appellate court found that the trial court properly admitted the rebuttal evidence because it contradicted Polk's testimony and was relevant to the issue of his credibility, but the appellate court noted that a limiting instruction should have been provided. *Polk*, 170 S.W.3d at 665. With respect to Smith's testimony, the court found Polk had waived any complaint because counsel had refused the trial court's offer to give an adequate limiting

instruction.[2] (4 Rep. R. 218-19). The appellate court, however, found that defense counsel had requested an appropriate instruction when Herndon testified and that the trial court erred in not give the jury a timely limiting instruction regarding Herndon's testimony. *Polk*, 170 S.W.3d at 666. The appellate court then conducted a harmless error analysis and determined that the omission of the limiting instruction did not have a substantial and injurious effect or influence on the jury. *Id*.

Polk has not demonstrated that his complaint merits federal habeas corpus relief. A state court's evidentiary rulings present cognizable habeas corpus claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair. *Brown v. Dretke*, 419 F.3d 365, 377 (5th Cir.), *cert. denied*, 126 S.Ct. 1434 (2006); *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999). The established standard for fundamental fairness requires that habeas relief be granted by a federal court only when the state trial error relates to evidence that is material in the sense of a crucial, critical, highly significant factor. *Mullen v. Blackburn*, 808 F.2d 1143, 1145 (5th Cir. 1987).

Polk complains that the statements that the detective and Herndon referred to were custodial statements that were made without the benefit of Miranda warnings; however, the Supreme Court has determined that statements taken in violation of constitutional protections, although not admissible in the prosecution's case in chief, are admissible to impeach conflicting testimony by the defendant. *See Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Bradford v. Whitley,* 953 F.2d 1008, 1010 (5th Cir. 1992). *See generally Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d

---

[2] Polk's counsel asked for an instruction that Smith's testimony was in conflict with the federal and state constitutions, state law, and "whatever the court would like to stick in as to why it's being admitted." (4 Rep. R. 219).

694 (1966). Every defendant is privileged to testify or not to testify in his own defense, but that privilege cannot be construed to included the right to commit perjury. *Harris*, 401 U.S. at 225, 91 S.Ct. at 645. Once a defendant exercises his right to testify in his own defense, he assumes a reciprocal obligation to speak truthfully and accurately and will not be allowed to use the government's unlawful method of obtaining evidence in its possession to shield him from the contradiction of his untruths. *See id*. at 224-25, 91 S.Ct. at 645. The testimony of the detective and parole officer was admissible to impeach Polk.

More problematic is the trial court's failure to give a limiting instruction to advise the jury of the purpose for which they could consider the testimony.[3] But even if an instruction was required to protect Polk's constitutional rights, his claim must fail absent a showing that the unlimited admission of the testimony had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 628, 113 S.Ct. 1710, 123 L.Ed. 2d 353 (1993), *cited in Fry v. Pliler*, – U.S. –, 127 S.Ct. 2321, 2328, 168 L.Ed.2d 16 (2007). *See also Smallwood v. Johnson*, 73 F.3d 1343, 1349 (5th Cir. 1996)(declining to decide whether state trial court's overruling objection to evidence of previous conviction and refusing to give requested limiting instruction constituted constitutional error because, even if constitutional error, it did not render trial fundamentally unfair). Essentially the same evidence of Polk's drug habit and details about the homes he had burglarized was already before the jury in the form of Polk's typewritten interview

---

[3] In addressing this issue, federal court review is confined to the parole officer's rebuttal testimony. Because the state appellate court found that Polk had refused an appropriate limiting instruction and thus waived his complaint with respect to the detective's rebuttal testimony, the procedural-default doctrine precludes federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). A state prisoner can overcome a procedural default by demonstrating cause for the default and actual prejudice resulting from the purported violation of federal law, or by demonstrating that failing to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749, 111 S.Ct. 2546, 2564, 115 L.Ed. 2d 640 (1991). Polk does not make such a showing, nor is any exception to the procedural default apparent in the record.

at the police department. Fingerprint evidence from at least one of the burglarized homes matched Polk's fingerprints, and Polk was arrested near the location of another burglary with property stolen from the home in his pockets.

The rebuttal testimony did not play a crucial, critical, or highly significant role given the other evidence introduced at trial, and it is highly improbable that the jury would have reached a different verdict had the trial judge given them a limiting instruction with respect to the rebuttal testimony. *Cf. Bigby v. Dretke*, 402 F.3d 551, 563-64 (5th Cir. 2005). A defendant is entitled to a fair trial but not a perfect one. *Lutwak v. United States*, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed.2d 593 (1953). Polk fails to demonstrate that there was error having a substantial and injurious effect or influence on the verdict, and without this showing, habeas relief is not warranted.

2. Jury Instruction

Polk contends that the trial court's denial of a requested jury instruction denied him a fair trial. Polk testified at a pre-trial suppression hearing and at trial regarding the circumstances surrounding his statements to police, and also requested that a lengthy instruction on the voluntary nature of his statements to police be included in the jury charge. The trial court included an abstract instruction on voluntariness, but refused to give the additional application paragraphs that Polk requested, which specifically referenced his interviews at the police department.[4] (Pet. Ex. A1 at 21-23; 4 Rep. R. 261-66). The state appellate court found that the trial court had given a proper instruction on voluntariness. *Polk*, 170 S.W.3d at 666.

---

[4] The trial court instructed the jury on the general admissibility of a defendant's statements so long as the jury believed beyond reasonable doubt that the statements were freely and voluntarily made. The trial court instructed the jury not to consider the defendant's statements for any purpose if they harbored reasonable doubt about the free and voluntary nature of the statements. (*Id*.) The instruction was not included in the charge on guilt-innocence in Cause No. F-2004-0061D because it was agreed that Polk's statements did not apply to that particular offense. (5 Rep. R. 6, 17).

Alleged error in a state trial court's instructions is cognizable in a federal habeas petition only when a petitioner proves that the error by itself so infected the entire trial that the resulting conviction violated due process. *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736-37 (1977). An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *Id*. at 155, 97 S.Ct. at 1737.

Polk has not shown that the jury instruction the trial court gave violates any clearly established federal law. The instruction did not include all of the case-specific details that he wanted the trial court to insert, but it did focus the jury's attention on the need to exercise caution when considering a defendant's inculpatory statements. Polk has not demonstrated that the failure to give his requested instruction on the issue of voluntariness so infected the trial that his convictions are a violation of due process.

Polk also contends that he was entitled to a jury instruction on the lesser included offense of theft. The trial court refused to include that instruction in the charge, and the state appellate court agreed that the evidence did not entitle Polk to an instruction on the lesser included offense. *Polk*, 170 S.W.3d at 667. In non-capital cases, the failure of the state trial court to give an instruction on a lesser included offense does not raise a federal constitutional issue. *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985).

Polk's complaints of errors and omissions in the jury charge do not merit federal habeas relief.

3. Suppression of Custodial Statements

Polk contends that the trial court should have suppressed the typewritten and signed statements that Polk gave while in police custody because the police failed to honor his invocation of his right to remain silent and his right to counsel. Once a suspect asserts his or her Fifth Amendment right, he or she cannot be further questioned outside the presence of counsel unless the suspect initiates the contact, even if the subsequent interrogation concerns an unrelated offense. *Arizona v. Roberson*, 486 U.S. 675, 685-88, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

Polk was arrested on December 5, 2003, but refused to speak with the police about several recent burglaries. He was released on bond that same day. (Supp. Clerk R. 5).[5] Polk was rearrested on December 18, 2003, after being detained near a house that had been burglarized fifteen or twenty minutes earlier, and while being transported to the police station, he informed the police officers in the patrol car that "I got a good attorney right now." (Supp. Clerk R. 4, ¶6). When Polk was interviewed later that same day, the detective advised Polk of his constitutional rights and Polk signed a waiver of those rights before giving his statement. On December 19, 2003, Polk requested another interview. The detective again explained to the Polk all of his constitutional rights before Polk made and signed a second statement. (Supp. Clerk. R. 4, ¶¶8-13). The state appellate court found no error in the admission of the two statements at trial because the record showed that Polk voluntarily spoke with the police about all of the offenses involved and the record did not reflect that Polk had clearly and specifically requested an attorney. *Polk*, 170 S.W.3d at 664.

---

[5] The state appellate court abated the appeal to permit the trial court to prepare findings of fact and conclusions of law with respect to the voluntary nature of Polk's statements to the police. (Supp. Clerk R. 3-5).

Polk asserts that the state violated his Fifth Amendment rights because he had invoked his right to remain silent when he was first arrested on December 5, 2003. But Polk's invocation of his right to remain silent on December 5, 2003, did not preclude law enforcement from interviewing him when he was arrested two weeks later near the scene of a new offense. *See United States v. Barlow*, 41 F.3d 935, 945-46 (5th Cir. 1994)(holding that if suspect has been released from custody, the constitutional violation allegedly founded on prior requests for counsel simply dissolves). *See generally McNeil v. Wisconsin*, 501 U.S. 171, 177, 111 S.Ct. 2204, 2208 (1991)(reiterating that police-initiated encounter after suspect has invoked right to counsel renders suspect's statement presumptively involuntary, with the assumption that there has been no break in custody). Polk has not pointed the court to any clearly established federal law recognizing that an invocation of constitutional rights continues unabated into the future. *Cf. McNeil*, 501 U.S. at 182 n.3, 111 S.Ct. at 2211 n.3 (noting that the Court has never held that a person can invoke his Miranda rights anticipatorily); *Goodwin v. Johnson*, 132 F.3d 162, 179-80 n. 14 (5th Cir. 1998)(declining to determine whether anticipatory invocation outside of custodial interrogation setting is possible).

Nor has Polk shown that the state court acted unreasonably in deciding that his statement to the officers transporting him to the police station was not a sufficiently clear request for an attorney. The determination of whether a suspect has invoked his right to counsel is an objective one. *Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 2355, 129 L.Ed.2d 362 (1994). The question is whether the suspect articulated his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. *See id.*; *Barnes v. Johnson*, 160 F.3d 218, 224 -225 (5th Cir. 1998). When faced with an ambiguous invocation of a right, an interrogator is not required to ask clarifying questions (even

if it may be good police practice to seek clarification). *Davis*, 512 U.S. at 461, 114 S.Ct. at 2356. Additionally, Polk was advised of his rights on both December 18 and 19, 2003, and each time waived those rights and provided a statement.

Polk has not overcome the presumption of correctness given to the state court's factual determinations, and a review of the record does not reflect that the state court reached a decision that is contrary to or an unreasonable application of clearly established federal law.

4. Prosecutorial Misconduct

Polk contends that he was denied due process and a fair trial and was entitled to a mistrial because the prosecutor repeatedly violated the law and the trial court's instructions. During direct examination, the prosecutor asked the arresting officer several questions that alluded to the officer's decision to take certain security precautions at the time of the arrest because he was familiar with Polk and Polk's criminal history, but the trial court admonished the prosecutor not to delve into the officer's prior knowledge of Polk. *Polk*, 170 S.W.3d at 668; (3 Rep. R.54-63). The prosecutor asked the same or similar questions four times while questioning the officer. The trial court sustained defense counsel's objections and instructed the jury to disregard those questions, but denied counsel's repeated motions for mistrial. *Polk*, 170 S.W.3d at 668; (3 Rep. R. 54-74). On appeal, the court disapproved of the prosecutor's conduct, but also declined to disturb Polk's convictions after finding that the prosecutor had not otherwise conducted himself improperly at trial and that the improper questions were not sufficiently prejudicial in light of the record as a whole. *Polk*, 170 S.W.3d at 668.

In habeas corpus proceedings, prosecutorial misconduct during a state criminal trial is reviewed to determine whether it so infected the trial with unfairness as to make the resulting

conviction a denial of due process. *Greer v. Miller,* 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987); *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir.2000). Improper conduct by a state prosecutor is not of constitutional magnitude and will not warrant federal habeas corpus relief unless the conduct is so prejudicial that it rendered the trial fundamentally unfair. *Barrientes*, 221 F.3d at 753. *See generally Darden v. Wainwright*, 477 U.S. 168, 180-81, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Dowthitt v. Johnson*, 230 F.3d 733, 755 (5th Cir.2000). A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Barrientes*, 221 F.3d at 753.

Polk has not demonstrated that the prosecutor's misconduct was so egregious as to deny him a fundamentally fair trial. The trial court sustained each objection and instructed the jury to disregard the offending questions, and there is no indication that the jury was unable to follow the instructions of the court. *See Greer*, 483 U.S. at 766 n.8, 107 S.Ct. at 3109 n.8; *Ward v. Whitley*, 21 F.3d 1355, 1366 (5th Cir. 1994). Fingerprint evidence, witness testimony, and Polk's written statement support the verdict. Moreover, Polk testified on his own behalf and admitted that he had previous burglary convictions and was on parole when he was arrested on the new burglary charges. He has not demonstrated that the prosecution denied him a fundamentally fair trial or that the state court's decision to deny relief on his claim of prosecutor misconduct is an unreasonable one.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied.

NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until November 22, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until November 22, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED NOVEMBER 1, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE